UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY HALL, | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-25-822-R |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, and | ) |
| RANDY JOHN INSURANCE AGENCY, | ) |
| INC., | ) |
| | ) |
|         **Defendants.** | ) |

## ORDER

Plaintiff has filed a Motion to Remand [Doc. No. 16] seeking to remand this case to the District Court of Oklahoma County. The motion is fully briefed [Doc. Nos. 19, 20] and at issue.

This case arises from State Farm's adjustment of Plaintiff's claim for storm damage to her property, including its refusal to pay for a full roof replacement and interior damage. Plaintiff alleges the partial denial was part of a systemic and pervasive scheme by State Farm to deny wind and hail damage claims based on an undisclosed and narrow definition of hail damage and a variety of bad faith claims handling tactics. Plaintiff asserts claims against State Farm for breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud/negligent misrepresentation.

Plaintiff purchased the State Farm policy under which she sues from the Randy John Insurance Agency, Inc. Plaintiff asserts claims against the John Agency for negligent procurement of insurance based on its alleged failure to obtain the comprehensive

replacement cost coverage she requested and constructive fraud/negligent misrepresentation based on its alleged misrepresentation or concealment of material facts regarding the scope of coverage and State Farm's scheme.

State Farm removed the case on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Although State Farm concedes that the John Agency is a non-diverse defendant, it contends that the agency was fraudulently joined and its citizenship may therefore be disregarded for purposes of establishing diversity jurisdiction. Plaintiff moves to remand the action, arguing that State Farm has not met its heavy burden of showing that the John Agency is a fraudulently joined defendant.

The standard for establishing that a defendant has been fraudulently joined is a difficult one: "the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir.2011). This standard "is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)" and requires all factual disputes and all ambiguities in the controlling law to be resolved in the plaintiff's favor. *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished);[1] *see also Dutcher,* 733 F.3d at 988. "[R]emand is required if any one of the claims against the non-diverse defendant…is possibly viable." *Montano*, 211 F.3d at *2.

---

[1] Unpublished decisions are cited for their persuasive value. *See* Fed. R. App. P. 32.1.

Although the fraudulent joinder standard presents a "high hurdle," *Dutcher*, 733 F.3d at 989, it is not an insurmountable one. Where a defendant's "non-liability is…established as both a matter of fact and law," the defendant's joinder is fraudulent and remand is appropriately refused. *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). Further, "it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). But courts must be careful not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.* at 882.

This action is only the most recent in a long line of cases brought by Plaintiff's counsel asserting that State Farm (or other insurance companies)[2] breached the insurance policy and acted in bad faith by denying or partially denying a claim based on a scheme to underpay hail claims. *See* Doc. No. 1-9. In some cases, the scheme is alleged to begin in 2019 or 2020, while in others the scheme extends as far back as 2000. *See Stone v. State Farm Fire & Cas. Co.*, CIV-25-7 (August 20, 2025). These cases invariably name the local insurance agent that sold the policy as a defendant (thereby destroying diversity

---

[2] Similar allegations have been asserted by Plaintiff's counsel against Allstate agents, *Martin v. Allstate Vehicle & Prop., Ins. Co.*, No. CIV-23-739-SLP (W.D. Okla.), Shelter Mutual agents, *Didlake and Shawnee Management, LLC v. Shelter Mutual Ins. Co.*, CIV-25-497-PRW (W.D. Okla.), and even independent insurance agents, *The Referral Center for Alcohol and Drug Services of Central Oklahoma Inc. v. Philadelphia Indemnity Insurance Company, et al.*, CIV-25-717 (W.D. Okla.).

jurisdiction) and allege that the agent failed to obtain a comprehensive replacement cost policy as requested, even though the plaintiff indisputably received a replacement cost policy that covers wind and hail damage.

Given this background and the procedural history of specific cases,³ one can hardly fault State Farm for suggesting that Plaintiff's counsel is indiscriminately suing insurance agents for negligence and fraud as a means to avoid federal court. Some of the allegations in this particular case lend credence to that view: as usual, Plaintiff has alleged and argued that the agent made actionable misrepresentations or omissions through the act of renewing the policy, *see* Pet. ¶ 4(a), (j), 13, 26(b); Pl.'s Mot. at 1, 2, 15, 16, 20, 23, but the storm

---

³ *See Stone v. State Farm Fire & Cas. Co.,* CIV-25-7 (August 20, 2025) (finding that allegations "based on representations made during the policy's renewal have no basis in fact" because the agency was not involved in the renewals); *Moore v. State Farm Fire & Cas. Co.*, No. CIV-25-181-G (W.D. Okla. Feb. 11, 2025) (State Farm's Notice of Removal asserts that the agent sued was not even an agent at the time the policy was sold and Plaintiff was not the one who contacted the agent); *Vance v. State Farm Fire & Cas. Co.*, No. CIV-23-260-SLP (W.D. Okla. March 25, 2023) (action dismissed at plaintiffs' request after State Farm removed the case and asserted actual fraud because the agent was not the agent that sold or renewed the policy); *Warren v. State Farm Fire & Cas. Co.*, No. CIV-25-85-JD (plaintiffs conceded they named the wrong agent); *Hope v. State Farm Fire & Cas. Co.*, No. CIV-25-323-D (seeking leave to amend complaint because the wrong agent was named); *Baltasar v. State Farm Fire & Cas. Co.*, No. CIV-22-0928-HE, 2023 WL 11883978, at *2 (W.D. Okla. Aug. 8, 2023) (finding that "virtually none of the factual allegations upon which plaintiff relied to state a purported claim against [the agent] have proven to be true" and cautioning counsel that filing a pleading with false statements "is likely to result in significant sanctions"); *Goebel v. State Farm Fire & Cas. Co*., No. CIV-22-0882-HE, 2023 WL 11883977, at *3 (W.D. Okla. Aug. 7, 2023) (finding that "there are multiple allegations in the petition which are simply false" and "there is no good faith basis for a substantial portion of the facts alleged"); *Marino v. State Farm Fire & Cas. Co*., No. CIV-22-0885-HE, 2023 WL 11915691, at *2 (W.D. Okla. Aug. 7, 2023) (finding that it is now clear that many of the cookie-cutter allegations offered to state a claim against [the agent] are false or at least unsupported" and the allegations "were made without a valid, good faith basis).

damage in this case occurred mere months after the policy was purchased, thereby making any representations at renewal impossible. Although counsel's practice of recycling nearly identical allegations without regard to their applicability to a particular defendant is troubling, *see Stone,* CIV-25-7-D, the Court is not persuaded that the similarity in the allegations or the number of cases filed by Plaintiffs' counsel is enough, on its own, to establish actual fraud in this action.

In a recent crop of cases, this Court found that State Farm had met its heavy burden of establishing fraudulent joinder because the record established that the plaintiff received the replacement cost coverage they requested and, unlike some previous cases, they were primarily relying on "inherent" or "implied" representations that insurance agents purportedly make every time they market, bind, and sell a policy, as opposed to affirmative misstatements about the coverage, the condition of the property, or claims handling. *See, e.g., Barlow v. State Farm Fire & Cas. Co.,* No. CIV-25-44-R, 2025 WL 1139489 (W.D. Okla. Apr. 17, 2025). As noted in those cases, many of the "implied" representations were either true or not the cause of the alleged loss. *Id.* And more fundamentally, an insurance agent has not necessarily acted negligently or committed fraud merely because the agent sold a replacement cost policy and sometime later the insurer denies the insured's claim based on a dispute (even one that is not legitimate) as to the cause or extent of the damage to the property. *See Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. 24-1101-D, 2025 WL 582562, at *5 (W.D. Okla. Feb. 21, 2025) ("[P]urchasing a replacement cost policy does not mean that an insured is guaranteed that its claims will always be paid in full.") (quotation marks omitted).

Here, as in prior cases, Plaintiff has alleged that the John Agency made several inherent representations by virtue of "selling, procuring, and binding" coverage. *See* Pet. ¶¶ 4(a), 19. However, Plaintiff has also included allegations indicating that she relayed specific concerns about the scope of coverage and the John Agency made express reassurances about the coverage and the claims process. *Id.* at ¶¶ 25(b), (c), (d); 26(i). Although the question is close, given these allegations and the heavy burden of proving fraudulent joinder, the Court is unable to conclude that Plaintiff has no possibly viable cause of action against the agent for constructive fraud or negligent misrepresentation.[4] Although "Oklahoma law does not impose an affirmative duty upon insurance agents to advise their clients of the nature and character of the insurance procured, if an agent does advise its client, it has a duty to speak truthfully." *Steinkamp v. State Farm Fire & Cas. Co.*, No. CIV-22-00047-PRW, 2023 WL 11920886, at *3 (W.D. Okla. Sept. 29, 2023). Plaintiff has alleged that the John Agency made express representations that were misleading and detrimental. State Farm has therefore not shown with complete certainty that the Plaintiff is unable to establish a claim against the John Agency and remand is therefore appropriate.

Accordingly, Plaintiffs' Motion to Remand [Doc. No. 16] is GRANTED and this action is REMANDED to the District Court of Oklahoma County.

---

[4] Given this determination, the Court need not address the claim for negligent procurement. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (explaining that a fraudulent joinder analysis turns on "whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant.").

IT IS SO ORDERED this 16th day of September, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

7